# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCELO LARIOS-FERNANDEZ,<br><br>Defendant. | Case No.   2:25-MJ-01227-DUTY<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On March 10, 2025, Defendant Marcelo Larios-Fernandez ("Defendant") appeared before the Court for initial appearance on the petition and warrant for revocation of supervised release issued in this matter, Case No. 2:25-MJ-01277-DUTY.  The Court appointed David Lee Menninger of the Federal Public Defender's Office to represent Defendant.

///

///

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release, the Court finds that:

A.   ☒   Defendant submitted to the Government's Request for Detention;

B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that he will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- Unverified background as Defendant refused to interview with Pretrial Services;
- Two instances of refusal to exit cell to appear in Court for initial appearance;
- Absconding status;
- Mental health issues;
- History of drug use;
- No identified bail resources;
- History of failures to appear;
- History of supervision non-compliance with prior revocations;
- Extensive criminal history, including violent behavior and illicit drug use.

D.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that he will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- Mental health issues;
- History of drug use;

- History of supervision non-compliance with prior revocations;
- Extensive criminal history, including violent behavior and illicit drug use.

### III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g).]  The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

### IV.

IT IS THEREFORE ORDERED that Defendant be detained until trial.   The defendant is remanded to the custody of the U.S. Marshal for forthwith removal to the Southern District of California.  The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the

///
///
///
///
///

corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i).]

Date: March 10, 2025

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE